# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

NATIONAL LIABILITY &
FIRE INSURANCE COMPANY

CIVIL ACTION NO.

VERSUS

17-377-SDD-RLB

RODERICK HUGHES, ET AL.

## ORDER

This matter is before the Court on the *Motion to Deposit Interpleader Funds*[1] by National Liability & Fire Insurance Company ("National"). National's initial filing in the case at bar was a *Complaint-in-Interpleader*[2] pursuant to Federal Rule of Civil Procedure 22 ("Rule 22"). National is the insurer of Morgan Transportation, LLC., ("Morgan"), and Morgan's employee, Roderick Hughes ("Hughes"). Hughes was driving a school bus in St. Helena Parish, Louisiana on February 13, 2017 when a pickup driven by William Carpenter ("Carpenter") unsuccessfully attempted to pass the bus, resulting in a collision.[3] Defendants Daina Caston ("Caston"), the natural tutrix for KC, and India Magee ("Magee"), the natural tutrix for TC, ask the Court to dismiss the complaint-in-interpleader in their *Answer*.[4] Caston and Magee filed a *Notice of Related Proceeding*[5] to "notify the Court of the following related or collateral proceeding that involves subject matter that either comprises all or a material part of the subject matter or operative facts of this civil

---

[1] Rec. Doc. 2.
[2] Rec. Doc. 1.
[3] Rec. Doc. 1, p. 5.
[4] Rec. Doc. 39, p. 4.
[5] Rec. Doc. 40.
Document Number: 42651

interpleader action."[6]

In their *Notice of Related Proceedings*, Caston and Magee state:

> In the referenced proceeding, defendants herein assert bodily
> injury liability claims against the two drivers involved in the
> automobile accident (and their liability insurers) which forms
> the basis of this interpleader action. This interpleader action
> involves UM [underinsured motorist] benefits owed for the
> underinsured fault of one of those drivers--William Carpenter.[7]

Caston and Magee further argue that the interpleader action should be denied

because the "[National] policy of insurance provides UM coverage of $1,000,000 by

operation of law since the filings associated with the Complaint-in-Intervention does not

contain a valid UM form prescribed by the Commissioner of Insurance whereby the

named insured selected the lower alleged UM limit of $100,000."[8] It is unclear based upon

the record before the Court whether the UM benefits owed by National constitute the only,

single fund owed in the action in the 21st Judicial District Court by National. Without a

determination regarding National's liability, the Court cannot determine if there is a "single

fund" - a prerequisite for Rule 22 interpleader as outlined by the Fifth Circuit in *Auto Parts*

*Manufacturing v. King Construction of Houston*.[9]

Accordingly, National is hereby ordered, to brief this issue and advise the Court

within fourteen (14) days, a notice to this Court of any judicial determination of its liability

---

[6] *Id. Daina Caston as Natural Tutrix for the Minor KC and of Emmanuel Cyprian and India Magee as Natural Tutors for the Minor TC v. Roderick Hughes, Morgan Transportation, LLC, Natural Liability & Fire Insurance Company, William Carpenter, and GEICO Indemnity Company*, Docket Number 23, 424-Div. A., 21st Judicial District Court, Parish of St. Helena, State of Louisiana.

[7] *Id.*

[8] Rec. Doc. 39, p. 3.

[9] 782 F.3d 186, 193 (5th Cir. 2015). "In the first stage, the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. If the district court finds that the interpleader action has been properly brought the district court will then make a determination of the respective rights of the claimants." *Id.*

Document Number: 42651

in the case pending in the 21st Judicial District Court, Parish of St. Helena, State of Louisiana, Docket Number 23, 424-Div. A., *Daina Caston as Natural Tutrix for the Minor KC and of Emmanuel Cyprian and India Magee as Natural Tutors for the Minor TC v. Roderick Hughes, Morgan Transportation, LLC, Natural Liability & Fire Insurance Company, William Carpenter, and GEICO Indemnity Company.*

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on *Nov. 9, 2017*

_____

**JUDGE SHELLY D. DICK**

**UNITED STATES DISTRICT COURT**