UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NATIONAL LIABILITY & FIRE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 17-377-RLB |
| RODERICK HUGHES, ET AL. | CONSENT |

### ORDER

Before the Court is the Joint Trial Brief Submitted for a Decision and Judgment on the Merits on March 15, 2019, wherein the remaining parties agreed to submit this matter for a decision and final judgment on the merits. (R. Doc. 134).

This action arises out of a collision between a school bus and a 2002 Chevrolet Silverado being operated by William Carpenter on or about February 13, 2017. (R. Doc. 134 at 1). National Liability & Fire Insurance Company ("National Liability") filed a Complaint-in-Interpleader on June 15, 2017. (R. Doc. 1). National Liability represents that its policy provides applicable underinsured motorists coverage with a combined single limit in the amount of $100,000. (R. Doc. 1 at 5).

**I.    FINDINGS OF FACT**

Pursuant to Fed. R. Civ. P. 52(a), the Court makes the following findings:

1.    The parties agree that the Court will make appropriate findings of fact and conclusions of law based solely on the Joint Trial Brief and the spreadsheet and medical records submitted to the Court and will enter a Judgement accordingly. The parties further waive any objections to resolution in this manner pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other law or procedure applicable in this matter. (R. Doc. 134).

Finance

2. On February 13, 2017, on Louisiana Highway 43 near the intersection of Muse Road in St. Helena Parish, Louisiana, a 2002 Chevrolet Silverado, operated by William Carpenter, collided with a 1996 blue school bus being driven by Roderick Hughes. (R. Doc. 1 at 5).

3. The 2002 Chevrolet Silverado and its operator, William Carpenter, are insured by a $15,000/$30,000 liability policy issued by GEICO. The parties settled all claims under the applicable GEICO policy.

4. The occupants of the school bus are insured by a $100,000 single limit UM liability policy issued by National Liability & Fire Insurance Company. (Joint Trial Brief, p. 1; R. Doc. 1 at 5).

5. National Liability & Fire Insurance Company invoked this interpleader action in order to resolve the distribution of its policy limits.

6. On January 8, 2018, Judgment was entered in favor of National Liability & Fire Insurance Company, dismissing National Liability with prejudice upon its deposit of $100,000 into the Registry of the Court, which it has since deposited, and enjoining the adverse claimants from commencing any action against National Liability for claims arising from payment of its UM policy. (R. Doc. 94).

7. Various medical providers filed liens in this action, all of which have been satisfied as of the time of this Order.

8. The only remaining claimants are the twenty-nine minor children who have asserted claims in this action arising out of injuries sustained in the accident.

9. Funds in the amount of $89,347.18 remain in the Registry of the Court[1] for distribution to the minor children who filed claims in this action.

---

[1] This amount was confirmed by the Court as of the date of this Order. It includes the principal amount of $87,521.04 and accrued interest of $1,826.14.

10. The parties submitted a Joint Trial Brief to the Court, attached to which is a spreadsheet that lists each Claimant/Child and his or her respective funds received, and a brief summary of treatment. The parties also submitted an electronic file containing the pertinent medical bills and medical records of each Claimant/Child. The Court accepts the foregoing records and information as true and complete for purposes of this Order.

## II. CONCLUSIONS OF LAW

The pertinent facts of this case are not contested. The 2002 Chevrolet Silverado operated by William Carpenter was attempting to pass a school bus that was attempting to execute a left turn when a collision occurred, resulting in injuries to more than forty children. (R. Doc. 134 at 1). The parties represent that, after settlements for the fault of William Carpenter and all medical bills having been paid or satisfied, the only issue remaining for the Court's consideration is that of disbursement of the remaining $89,347.18 in funds deposited in the registry of the Court for the general damages of the twenty-nine remaining claimants. (R. Doc. 134 at 3).

"General damages are those which may not be fixed with pecuniary exactitude; instead, they 'involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitely measured in monetary terms." *Duncan v. Kansas City S. Ry. Co.*, 773 So.2d 670, 682 (La. 2000). "Pain and suffering, both physical and mental, refers to the pain, discomfort, inconvenience, anguish, and emotional trauma that accompanies an injury." *McGee v. A C and S, Inc.*, 2005-1036 (La. 7/10/06), 933 So.2d 770, 775. The trier of fact is accorded much discretion in fixing general damage awards. La. C.C. art. 2324.1.

The general damages of the twenty-nine remaining claims fall into essentially three categories. First, 13 children had varying combinations of transportation by ambulance, an ER visit, and/or up to two days of soft tissue treatment. Second, 15 children had anywhere from 1 ¾ months

3

to 14 ½ months of soft tissue treatment. Finally, one child suffered a fractured arm. General damages will be discussed and assessed in accordance with the foregoing. The Court has reviewed all of the information provided by the parties, including but not limited to spreadsheets and medical records, and hereby finds the following allocations of the remaining funds to be in accordance with the relevant law and the Court's assessment.

First, the Court will award $1000 in general damages to each of the 13 children whose injuries and treatment were limited to transportation by ambulance, an ER visit, and/or up to two days of soft tissue treatment.[2] After reviewing the medical records of each of these children, they reported to the ER with some pain, with some receiving a dose of Tylenol, but upon examination, were not diagnosed with any particular injury, and were sent home ambulatory and in good condition. At least one Louisiana appellate court upheld a $0 general damages award where two minor children, involved in a motor vehicle accident, were taken to a hospital as a precautionary measure, and upon examination the children were found to be fine. *Tate v. Kenny*, 2014-0265 (La. App. 1st Cir. 12/23/15), 186 So.3d 119, 126. The Louisiana appellate court noted "a jury does not abuse its discretion in awarding medical expenses but no general damages when the medical expenses were incurred to determine whether injuries were in fact sustained." *Tate*, 186 So.3d at 131.

At the same time, the Court recognizes that all of the children herein were involved in a motor vehicle accident wherein the school bus they were riding in was struck with enough force to flip it onto its side, which would likely be a terrifying experience for young children such as these. Accordingly, the Court finds the award of $1000 to each of the thirteen children whose treatment

---

[2] This category is comprised of the following children: B. Barnes, L. Barnes, A. Brider, J. Brider, L. Brider, O. Brider, A. Causey, K. Causey, D. Dehon, C. Franklin, L. Robertson, D. Self, and Ke. Self.

consisted of an ambulance ride, an ER visit, and/or up to two days of soft tissue treatment to be reasonable under the circumstances. This amounts to a total allocation of $13,000.00.

Next, the Court will award a $1000 base award, plus $750 per month of treatment to each of the 15 children who received anywhere from 1 ¾ months to 14 ½ months of soft tissue treatment.[3] The court has calculated a total of 62.75 months of soft tissue treatment between these 15 children, the allocation of which is calculated by cumulative quarter-months as represented in the spreadsheet provided to the Court. So, for example, a child who received 1 ½ months of soft tissue treatment would receive $1,000 plus $1,125 (1.5 x $750) for a total award of $2,125. This finding comports with the average range of the pertinent jurisprudence.[4]

Finally, the Court will award the remainder of the funds, $14,284.68, to the child who suffered an eyebrow injury and fractured arm, including two months of treatment.[5] As in the other categories, this award is consistent with the relevant jurisprudence.[6] The medical records indicate the child who suffered a broken arm was a 7-year-old female, and the arm was treated with a wrist splint. She was also prohibited from participating in physical education for a period of time and instructed to be non-weightbearing. Following her recovery, she was reported to have no pain with

---

[3] This category is comprised of the following children: Ad. Baker, A'M. Baker, Anth. Baker, Ant…e Baker, Ant…a Baker, M. Bonds, K. Caston, D. Chaney, J. Chaney, T. Cyprian, E. Franklin, N. Franklin, E. Lee, J. Tillery, and J. Wright.

[4] *See, e.g., Leonard v. Lee*, 49,669 (La. App. 2d Cir. 4/29/15), 165 So.3d 1083, 1092 (awarding $2,000 for "soft tissue injury of limited duration"); *Felts v. Casey*, 48,665 (La. App. 2d Cir. 1/15/14), 132 So.3d 444, 448 (upholding $5,400 general damages award "for the approximate five month period she was examined, observed, and treated for her physical pain and suffering."); *Smith v. Safeway Ins. Co. of La.*, 49,136 (La. App. 2d Cir. 8/13/14), 146 So.3d 944, 951 (awarding $3,000 in general damages for soft tissues injuries that "had substantially resolved within four months"); *Gillmer v. Parish Sterling Stuckey*, 2009-0901 (La. App. 1st Cir. 12/23/09), 30 So.3d 782, 788 (upholding $7,250 general damages award for 4.5 months of soft tissue treatment on a nine-year-old); *Hampton v. Marino*, 97-1345 (La. App. 1st Cir. 11/6/98), 725 So.2d 503 (upholding $7,500 general damages award for two months of soft tissues treatment as "generous… [but not] an obvious abuse of discretion."); *Collins v. Bentley*, 24,457 (La. App. 2d Cir. 10/26/94), 645 So.2d 283, 285-86 (upholding $2,000 general damages award for release from doctor's care three months post-injury).

[5] Ka. Self.

[6] *See, e.g., Johnson v. State ex rel. DOTD*, 2006-898 (La. App. 3d Cir. 12/13/06), 946 So.2d 682 (upholding $10,000 award for humerus broken in motor vehicle accident); *Green v. Orleans Parish School Bd.*, 1000-0106 (La. App. 4th Cir. 2/7/01), 780 So.2d 1082, 1087 (upholding $15,000 damages award for 12-year-old who suffered broken arm in fall at school).

any activities and her provider indicated no limitations. Based on these facts and the relevant jurisprudence, the Court finds the award of $14,284.68 in general damages to be appropriate.

Accordingly,

**IT IS ORDERED** that Judgment in favor of the remaining Claimants be entered, and the remaining funds in the amount of Eighty-Nine Thousand Three Hundred Forty-Seven Dollars and Eighteen Cents ($89,347.18) be distributed as follows:[7]

- One Thousand ($1,000.00) Dollars to B. Barnes;
- One Thousand ($1,000.00) Dollars to L. Barnes;
- One Thousand ($1,000.00) Dollars to A. Brider;
- One Thousand ($1,000.00) Dollars to J. Brider;
- One Thousand ($1,000.00) Dollars to L. Brider;
- One Thousand ($1,000.00) Dollars to O. Brider;
- One Thousand ($1,000.00) Dollars to A. Causey;
- One Thousand ($1,000.00) Dollars to K. Causey;
- One Thousand ($1,000.00) Dollars to D. Dehon;
- One Thousand ($1,000.00) Dollars to C. Franklin;
- One Thousand ($1,000.00) Dollars to L. Robertson;
- One Thousand ($1,000.00) Dollars to D. Self;
- One Thousand ($1,000.00) Dollars to Ke. Self;
- Four Thousand Five Hundred Sixty-Two and 50/100 ($4,562.50) Dollars to Ad. Baker;
- Four Thousand Five Hundred Sixty-Two and 50/100 ($4,562.50) Dollars to A'M. Baker;
- Four Thousand Five Hundred Sixty-Two and 50/100 ($4,562.50) Dollars to Anth. Baker;

---

[7] The complete names of the minor claimants can be found in sealed R. Doc. 136.

6

- Four Thousand One Hundred Eighty-Seven and 50/100 ($4,187.50) Dollars to Ant…e Baker;

- Four Thousand One Hundred Eighty-Seven and 50/100 ($4,187.50) Dollars to Ant…a Baker;

- Four Thousand One Hundred Eighty-Seven and 50/100 ($4,187.50) Dollars to M. Bonds;

- Three Thousand Eight Hundred Twelve and 50/100 ($3,812.50) Dollars to K. Caston;

- Two Thousand One Hundred Twenty-Five ($2,125.00) Dollars to D. Chaney;

- Two Thousand One Hundred Twenty-Five ($2,125.00) Dollars to J. Chaney;

- Eleven Thousand Eight Hundred Seventy-Five ($11,875.00) Dollars to T. Cyprian;

- Four Thousand Seven Hundred Fifty ($4,750.00) Dollars to E. Franklin;

- Two Thousand Eight Hundred Seventy-Five ($2,875.00) Dollars to N. Franklin;

- Two Thousand Eight Hundred Seventy-Five ($2,875.00) Dollars to E. Lee;

- Three Thousand Sixty-Two and 50/100 ($3,062.50) Dollars to J. Tillery;

- Two Thousand Three Hundred Twelve and 50/100 ($2,312.50) Dollars to J. Wright; and

- Fourteen Thousand Two Hundred Eighty-Four and 68/100 ($14,284.68) Dollars to Ka. Self.

**IT IS FURTHER ORDERED** that all claims arising out of the February 13, 2017 accident in this matter are resolved and this matter is hereby **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on October 22, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**